### HORACE KNOTT v. THE STATE.

#### No. 5671.    Decided March 17, 1920.

**Theft—Want of Fraudulent Intent—Explanation.**

Where, upon trial of theft of an automobile, the State introduced defendant's explanation of his recent possession of the car, to the effect that he took possession of same for the purpose of claiming a reward, having taken it from a lot of boys on the street, with no intention of appropriating the car, and the State not having shown that defendant's explanation was unreasonable or untrue, the conviction could not be sustained, following Powell v. The State, 11 Texas Crim. App., 401, and other cases.

Appeal from Criminal District Court No. 1, of Dallas. Tried below before the Honorable R. B. Seay.

Appeal from a conviction of theft of an automobile; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Allen & Allen* and *Baskett & DeLee*, for the appellant.—Cited cases in the opinion.

*Alvin M. Owsley*, Assistant Attorney General for the State. Alanis v. State, 150 S. W. Rep., 897; Taylor v. State, 62 Texas Crim. Rep., 611.

MORROW, JUDGE.—The conviction was for theft. The owner of an automobile left it at about 9:00 o'clock that night on one of the streets in the city of Dallas. It was taken without his consent, and about 11:00 o'clock on the same night was found by two police officers, who testified on behalf of the State that they found it in a garage belonging to the appellant. The officers watched the garage until about 12:00 o'clock on the next day, when the appellant entered it, and was arrested. The State proved his statement made at the time explaining his possession, which statement was in substance that about 9:00 or 9:30 o'clock on the night the car was lost some boys had the car on one of the streets to which it had been removed, and that appellant ran them out, took, and remained in possession of the car for the purpose of claiming a reward should there be any offered for it, he having no knowledge as to who was the owner. On cross-examination it was disclosed that on a previous occasion the appellant, while in his own car and riding with one of the officers, had related a similar transaction in which he had found a car and delivered it to a police officer. The witness said that he would not be certain, but that he might have told the appellant on that occasion if there should be another such occurrence he would divide the reward. The witness said he would have divided the reward. This witness also testified to his impression that during the conversation the appellant stated that he had been looking for him, and had called his house and the police station in his effort to find the officer.

No fact or circumstance other than those detailed was before the jury, and we think upon these the verdict was not warranted. If the explanation given by the appellant was true, he was not guilty of theft; Micheaux v. State, 30 Texas Crim. App., 660; Davis v. State, 45 Texas Crim. Rep., 132; and it was the State's burden to prove that the appellant's explanation was unreasonable or untrue. It contains no contradiction or weaknesses which of themselves would destroy it, and there are no facts or circumstances introduced to do so. Without discussing them, we refer to Powell v. State, 11 Texas Crim. App., 401; Porter v. State, 45 Texas Crim. Rep., 66; Johnson v. State, 12 Texas Crim. App., 385, and others collated in Branch's Annotated Texas Penal Code, pages 1333 and 1334.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*