MARVIN JACOBS v. THE STATE.

No. 7011.  Decided May 31, 1922.

Rehearing Denied October 11, 1922.

**Theft—Automobile—Recent Possession—Explanation.**

Where the explanation of possession of recently stolen property cannot be said to contain no inherent weakness, and the whole matter was a question of fact for the solution of the jury, there was no reversible error.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baskett & DeLee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment convicting appellant for the offense of theft, and fixing his punishment at confinement in the penitentiary for a period of two years.

The property involved is an automobile, which was stolen from one of the streets of the city of Dallas. Some eighteen days after its loss, it was purchased by the witness Engle. The sale was negotiated by the witness Staten. Engle issued two checks in payment of the car, one being for $385, payable to the appellant, while the other was for $40, payable to Staten, covering his commission for making the sale. A bill of sale executed by the appellant was delivered to Engle, as was also the license purporting to have been issued by the proper authorities in Kaufman County, Texas. The numbers descriptive of the car, which were contained in the license, corresponded with those on the car, but bore the appearance of having been changed. Appellant at the time he delivered the car to Staten said that he had traded another car for it. He gave, however, no description by which to identify the person with whom he made the trade. The case was treated in the charge of the court as one in which the conviction was sought wholly upon circumstantial evidence. The jury was called upon to determine whether Staten was an accomplice, and appellant's rights were properly safe-guarded in the event that this question was answered in the affirmative.

The court instructed the jury that if they believed from the evidence that appellant traded for the car or had a reasonable doubt upon that subject, they should acquit.

Appellant advances the theory that there should have been an acquittal directed, and that the evidence is not sufficient to support the verdict for the reason that the explanation given by appellant of his possession of the car was a reasonable one and that the truth of it has not been disapproved. Reference is made to the cases of Knott v. State, 87 Texas Crim. Rep., 117; Perry v. State 41 Texas Reports, 486; Daniel v. State, 60 Texas Crim. Rep. ,515, 132 S. W. Rep., 733; Branch's Crim. Law, Sec. 795.

No more can be said of these authorities than that they support the proposition that where the conviction of the theft rests alone upon possession by the accused of property recently stolen, the conviction ought not to be sustained where, at the time his possession of the property is challenged, the accused explains his possession in a manner which is reasonable and probably true. In the Knott case, *supra*, it is said:

"It was the State's burden to prove that the appellant's explanation was unreasonable or untrue. It contains no contradiction or weaknesses which of themselves would destroy it, and there are no facts or circumstances introduced to do so."

We think this cannot be said of the instant case. The explanation itself cannot be said to contain no inherent weaknesses. The appellant was endeavoring to realize upon a stolen automobile and wanted the aid of Staten, who was in the business of buying and selling such cars. Staten was unwilling to handle it without some evidence of ownership. The appellant produced a number, seal and tax receipt or license. The licence bore, upon its face, evidence of erasures. The transaction was had in August. Appellant told Staten that he had had possession since January preceding; that he traded a Ford Roadster for it, but he did not name or describe the person with whom the trade was made. Both the reasonableness and the truth of this explanation were, under the evidence before the court, questions of fact for solution by the jury. There is no complaint of the manner in which the jury was instructed; nor do we find any fault in the charge.

The evidence, in our judgment, is not insufficient to sustain the conviction. The judgment is therefore affirmed.

*Affirmed.*

[Rehearing denied October 11, 1922.—Reporter.]