BURL DAVIDSON V. THE STATE.

No. 16214. Delivered January 31, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 97.

The opinion states the case.

*Wiley L. Caffey,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

R. M. Waggoner owned a ranch in Stonewall County on which he had about four hundred head of cattle. Travis Parnell looked after the cattle. He testified that the animals alleged to have been stolen were last seen by him in September, 1932. In the latter part of October, 1932, the sheriff found four head of cattle in the pasture of J. M. Golston. These cattle had been freshly branded over some old brands. On making an inspection of the animals, Mr. Waggoner identified them as his property. It appears that the old brands belonged to Mr. Waggoner. Mr. Golston testified that appellant had stayed at his place from time to time, but had left some time in August, 1932, for the purpose of working on a road at Guthrie. He said that when the sheriff discovered Mr. Waggoner's cattle in his pasture he told him that he thought they were appellant's cattle. The sheriff testified that upon finding the cattle in Mr. Golston's pasture he had a conversation with appellant concerning the ownership of the animals. He said appellant told him that they were his cattle and that he had bought them from Henry Coody of Knox City; that he had changed the brands and had taken the cattle to the Bingham pasture; that the last time he saw them they were on the river; that he had bought the cattle about the 6th of July; that he did not see them any more

until they were found in the Golston pasture; that he branded the cattle some time in September. The sheriff further testified that Henry Coody died July 15, 1932.

Appellant did not testify in his own behalf. His witness Hill testified that appellant had advised him that he had an opportunity to trade for some cattle that Henry Coody had; and that he told appellant he could trade some of his stock in if he desired. The proof was further to the effect that appellant made no effort to hide the cattle during the time they were in Golston's pasture.

Appellant contends that the falsity of the explanation he made to the sheriff concerning his purchase of the cattle is not shown. We are unable to agree with this contention. It is observed that appellant stated that he bought the cattle from Coody. Coody died July 15, 1932. Further, it is observed that Travis Parnell, who took care of Mr. Waggoner's cattle, testified that the animals alleged to have been stolen were in Mr. Waggoner's pasture on September 26, 1932. He said: "I remember the 26th of September because I was rounding up cattle and doctoring screw worms, and I remember seeing these two identical cattle on the 26th of September. I do not recall ever seeing them on the ranch between that time and the time I saw them in the Golston pasture." The jury were warranted in concluding that the cattle were in Mr. Waggoner's pasture on the 26th of September, as testified to by the witness Parnell. Manifestly, the testimony mentioned directly contradicted the statement appellant made to the sheriff concerning his purchase of the cattle from Coody. There could not have been a purchase from Coody after July, 1932, as Coody died during that month. In connection with this testimony, the jury were warranted in considering appellant's action in changing the brands on the cattle. A further circumstance tending to show the falsity of appellant's explanation was the fact that he branded the cattle during the month of September, 1932, that being the month they were apparently taken from the possession of Mr. Waggoner.

Bill of exception No. 1 relates to the action of the trial judge in overruling the application for a continuance. In the qualification to the bill it is recited that at the time the application was presented to the court it contained no averment that appellant expected to procure the attendance of the witneseses at the next term of the court, and contained no averment that the witnesses were not absent by the procurement or consent of appellant; and, further, that it was not stated therein that there was no reasonable expectation that the attendance of the wit-

nesses could be secured during the term of the court by post-ponement of the trial to some future day of the term. Manifestly, as qualified, the bill of exception fails to reflect error. The application for continuance was fatally defective.

We do not think appellant's contention that there is a variance between the allegation and proof as to possession should be sustained. Possession was alleged in R. M. Waggoner. He testified that the ranch from which the cattle were taken was in his charge and under his control. Further, he said that the cattle were taken from his care and control. He said: "Yes, sir, I had these cows under my care and control." He stated that Travis Parnell had charge of the ranch and looked after the cattle, being in his employ. Mr. Parnell testified that he looked after Mr. Waggoner's cattle. If appellant had developed the matter, he might have shown that possession should properly have been alleged in Parnell. However, under the circumstances, we think Mr. Waggoner's testimony to the effect that the animals were under his care and control supports the allegation in the indictment. See Haney v. State, 36 S. W. (2d) 1033.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the proof does not make out a case of guilt. The facts are set out in our former opinion. Mr. Parnell swore that the alleged stolen cattle were in Waggoner's pasture on September 26, 1932, and that they bore Mr. Waggoner's brand. The same cattle were found the latter part of October in Mr. Golston's pasture with their brands changed. Appellant admitted changing the brands of the cattle, and explained his possession of said cattle, and his claim that they were his, and that he had a right to change their brand by saying that he bought the cattle in question from Henry Coody. The state replied by proof that Mr. Coody was killed in an automobile accident in July, 1932. This sufficiently showed the falsity of appellant's claim of purchase. This court has held in authorities too numerous to mention that the possession of recently stolen property is a sufficient circumstance to justify the conclusion of guilt of the possessor, of the theft of such property. It seems well established, also, that when the

state relies upon proof of such fact to make out guilt, the proof must further show that if the accused, when his possession of such property was first challenged, made an explanation which was natural and reasonable, and probably true, which might operate to rebut the inference of theft based on the proposition of recent possession, that such explanation was in fact false. We think the state's proof in this case entirely negatives the possibility of appellant having bought the animals in question from Mr. Coody in July.

The motion for rehearing will be overruled.

*Overruled.*