Willie Floyd MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41654.

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Rehearing Denied Jan. 29, 1969.

Lawrence R. Green, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for felony theft; the punishment, enhanced under Art. 63, P.C., by reason of two prior convictions for felony offenses less than capital, life imprisonment.

Two grounds of error are urged by appellant in his brief filed in the trial court.

In the first ground, he insists that the evidence is insufficient to sustain the verdict of the jury finding him guilty of the offense charged.

It was shown by the state's testimony that on the 11th day of January, 1967, between the hours of 7:30 a. m. and 4:05 p. m., a 1966 Pontiac Tempest automobile, of over the value of $50, belonging to the prosecuting witness, was stolen from a parking lot in the city of Dallas. At 7:55 p. m., on the same day, the appellant was observed driving the stolen automobile on a public street in the city and was stopped by Officer Featherston for speeding. Upon being asked if the car were his, appellant

stated that it was. At such time appellant also told the officer that his name was Edward Henderson, and the officer issued a ticket to him, in that name, for speeding and driving without a valid operator's license.

It was further shown that on January 15, 1967, Officer Williams observed the stolen car being driven on a public street in Dallas. He followed the car until it was driven into a driveway and stopped. At the time, there were four occupants in the car. When he asked the driver, Turner Syfo, Jr., whom the car belonged to he said it belonged to appellant, who was seated in the back. At the time, appellant told the officer that his name was Edward L. Henderson and that the car belonged to a friend of his.

Upon further inquiry, the officer ascertained that appellant's name was Willie Floyd Morgan.

Testifying in his own behalf, appellant denied having any knowledge that the car was stolen but admitted driving the vehicle on January 11 at the request of Turner Syfo, Jr., and being a passenger in it on January 15. Appellant swore that he thought the car belonged to Syfo and denied that he told Officer Featherston that it was his.

■ The state's proof showing appellant's possession of the recently stolen automobile was sufficient, under the circumstances, to sustain the jury's verdict finding him guilty. Marin v. State, Tex.Cr. App., 374 S.W.2d 227. His explanation (that the car belonged to him) made to Officer Featherston, which he denied at the trial, was shown to be false. His explanation at the time of trial as to his possession of the car is not controlling. Wall v. State, 167 Tex.Cr.R. 634, 322 S.W.2d 641.

The ground of error is overruled.

In the second ground of error, appellant insists that the evidence is insufficient to sustain the judgment of the court as to punishment.

For the purpose of enhancement, the indictment alleged—in paragraphs two and three thereof—prior convictions of appellant in the years 1960 and 1963 for the offenses of felony theft. Documentary evidence was introduced by the state to prove the prior convictions. The two prior convictions were also stipulated, in which appellant admitted that he was the person so convicted.

Appellant insists that in spite of the evidence, stipulations, and admissions, there is no proof that the conviction in 1960 was for an offense committed prior to the commission of the offense and conviction therefor in 1963, and prior to the commission of the primary offense.

Stated in another way, it is appellant's contention that there was no proof that the conviction in 1963 was for an offense committed after the 1960 conviction had become final and prior to the commission of the primary offense.

■ The record reflects that appellant, in person, agreed and stipulated that the allegations in paragraphs two and three of the indictment were true and correct. In the two paragraphs it was alleged that the conviction in 1960 was for an offense committed prior to the commission of the offense for which he was convicted in 1963 and that both convictions were for offenses committed prior to commission of the primary offense. Appellant's stipulation was sufficient to prove that the 1963 conviction was for an offense committed after the 1960 conviction had become final and that the two convictions were prior to commission of the primary offense. Dollar v. State, Tex.Cr.App., 418 S.W.2d 689.

Under the record, the trial judge was authorized to enhance appellant's punishment at life imprisonment, under Art. 63, P.C.

The ground of error is overruled.

The judgment is affirmed.