Joe **T. HUTCHINSON,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48198.

Court of Criminal Appeals of Texas.

May 22, 1974.

Bob Grove, Austin, for appellant.

Robert O. Smith, Dist. Atty., C. E. Clover, Jr., Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of robbery by assault; punishment, enhanced under Article 62, Vernon's Ann.P.C., was assessed at life.

In his first two grounds of error, appellant challenges the constitutionality of the search of an automobile from which items introduced into evidence were seized. Appellant's challenge is met at the outset by the State's contention that since the car was stolen appellant is without standing to raise the issue.

The record reflects that after appellant was followed to a house and observed to park and leave the automobile in question, a registration check was run on the vehicle, which revealed that it was registered to someone in the Dallas-Fort Worth area and had been reported stolen. Upon receipt of this information the police locked the car and had it towed away. Subsequently it was searched and the evidence complained of was discovered therein.

Appellant, on the issue of standing, contends (1) that the record does not establish that the vehicle was stolen, (2) that appellant retained sufficient possessory interest to establish standing, and (3) that he had "automatic" standing.

With regard to whether the vehicle was stolen, all probative evidence points unequivocally to the single conclusion that it was stolen. Appellant presented no evidence to the contrary.

Regarding appellant's various assertions that he retained sufficient possessory interest to establish standing, we note that no motion to suppress was filed and no hearing sought on the lawfulness of the search and seizure. As stated regarding whether the car was stolen, appellant presented no evidence to the contrary, and specifically, there is no evidence that appellant asserted any possessory interest in the automobile in question. As stated in Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208, appellant could have taken the stand outside the presence of the jury and testified regarding any asserted possessory interest without any dan-

**600**

ger of incriminating himself. This he did not do. We fail to find any evidence of sufficient possessory interest to establish standing.

 Finally, with respect to "automatic" standing, we notice that in *Brown,* supra, the Court held:

"[T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) had no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."

Our discussion above clearly demonstrates that appellant has no "automatic" standing under the stated test.

Finding no standing to challenge the search of the stolen automobile at the police station, appellant's first two grounds of error are overruled.

 By his final ground of error, appellant contests the State's proof of consent to search the house from which incriminating evidence was seized. Proof was made by testimony of the officer to whom consent was given and by introduction of an executed consent to search form signed by Vee Tee Ward, who lived at the house and paid the rent. It is appellant's contention that the use of this hearsay evidence was improper proof of consent. We find appellant's position to be without merit in light of the Supreme Court's decision in United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), citing

Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. Rules of evidence applicable to proceedings to determine probable cause are not the same as those governing the criminal trial itself.[1] The evidence of consent was both admissible and sufficient.

Finding no reversible error, the judgment is affirmed.

---

1. In Texas, however, the admissibility of certain evidence is to be submitted to the jury. Article 38.23, Vernon's Ann.C.C.P. In such cases, if there be evidence relating to such issue which would be admissible on the issue of probable cause, but not admissible generally before the jury, upon proper request consideration of such evidence should be limited to the issue for which it is admissible.

Of course, if the defendant does not contest the issue of probable cause, or waives submission to the jury of any issue under Article 38.23, supra, then he may thereby have any evidence which would be admissible *solely* upon the question of an Article 38.23 issue excluded, since by removing the issue from the jury, the evidence upon such issue is inadmissible on the criminal trial itself.