Curtis Wayne ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52702.

Court of Criminal Appeals of Texas.

June 14, 1977.

Rehearing Denied July 6, 1977.

Charles M. Beacham, San Antonio, for appellant.

Ted Butler, Dist. Atty., E. Dickinson Ryman and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of burglary of a habitation. Punishment was assessed at 20 years' imprisonment.

Appellant challenges the sufficiency of the evidence and the validity of his arrest.

San Antonio Police Officer Edward Bourque testified that he and Sgt. Trinidad responded to a "burglars-in-action" call at the Three Dollar Motel about midnight, July 22, 1975. While the officers were talking to the manager of the motel, they noticed a white Buick automobile enter the motel parking lot at about 12:15 a.m. The trunk of the vehicle was open and Bourque could plainly see a television set in the trunk of the car. The vehicle stopped adjacent to an apartment occupied by Huthspet Mimms.

Bourque testified that Mimms had a reputation as a known police character and a fence, or one who buys stolen property. Based upon this knowledge and the suspicious circumstances of a vehicle with a television set in the trunk during the early morning hours, the officers determined to investigate further.

The officers approached the vehicle and asked appellant, the driver, for identification. They inquired about the television set, and appellant stated that he and his

friends had brought the television to the motel to sell to Mimms. He informed the officers that his mother had given him the television set.

After receiving this explanation, Bourque asked appellant for a physical description of the television, but appellant was not able to give any description that was "similar to the merchandise which was in the trunk." The officers placed appellant and the two passengers under arrest for possession of stolen merchandise. Even though the record is not clear as to the chronological order of events, Bourque testified that he asked appellant if he could confirm with appellant's mother the explanation of the possession of the television, to which appellant replied in the affirmative, "freely" giving the officer his phone number. Bourque called the number in question and a female answered, identified herself as appellant's mother, and denied that she had ever given appellant a 23 or 24 inch console television set.[1]

The officers took the three suspects to the police station, where another officer told them he had taken a report of a television that matched the one the officers had removed from appellant's vehicle. Margie Mercado, the complainant in that report, was later taken to the police station for the purpose of identifying her allegedly stolen property.

Mercado testified at trial that on the evening of July 22, 1975, she left her home about 10:50 p.m. and when she returned about 11:45 p.m., she noticed that her home had been broken into. A 10-speed bicycle, a clock, and a television set were missing. She reported the burglary and theft to the police, and later that day she was taken to the police station to make an identification of her property. She positively identified her 23 inch black and white console television.

The defense rested with the State without offering any evidence.

Appellant contends the officers did not have probable cause to arrest him and the warrantless arrest was not justified under Art. 14.03, V.A.C.C.P.

The initial detention did not put the officers in a position to "plain view" the television, see e. g., *McDougald v. State,* Tex.Cr. App., 547 S.W.2d 40 (1977), as the television was in open view from the time appellant drove into the motel parking lot. However, the decision to seize the television was made after the initial detention and subsequent investigation and after the appellant was placed under arrest. Although the television was not contraband per se, it was seized as the result of appellant's arrest, thus we hold appellant does have standing to challenge the validity of his arrest. See *Thompson v. State,* Tex.Cr.App., 533 S.W.2d 825.

Circumstances which do not constitute probable cause for arrest may justify lesser intrusion upon the personal security, such as temporary detention for purposes of investigation. *Leighton v. State,* Tex.Cr. App., 544 S.W.2d 394; *Hinson v. State,* Tex. Cr.App., 547 S.W.2d 277 (1977). The detention is justified if the law enforcement officer has specific, articulable facts, when in light of his experience and general knowledge, together with rational inferences from those facts would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ablon v. State,* Tex.Cr.App., 537 S.W.2d 267; *Mann v. State,* Tex.Cr.App., 525 S.W.2d 174; *Hernandez v. State,* Tex. Cr.App., 523 S.W.2d 410.

It is appellant's position that the act of driving into the parking lot of the motel

---

1. Appellant's objection to any testimony concerning the telephone conversation between Bourque and the appellant's mother was sustained on the grounds of hearsay. However, it should be noted that hearsay is admissible on the issue of probable cause to arrest or search. See *U. S. v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Hutchinson v. State,* Tex.Cr.App., 509 S.W.2d 598.

with the television did not generate any undue suspicion or probable cause to arrest or search, even though this act occurred during the early morning hours, and that the police officers' alleged knowledge of Huthspet Mimms being a fence was merely hearsay, and was not sufficiently reliable to invoke probable cause.

The officers were at the motel investigating a burglary call about 12:15 a.m. when they observed appellant's automobile, with a television in the trunk, pull into the parking lot, drive to the rear of the location, and stop adjacent to the apartment of a known fence. The officers did not know at that time of the reported burglary at the Mercado home. Cf. *Hernandez v. State,* supra. However, the officers' knowledge of Mimms' criminal activities indicated to them the television may have been stolen property. We hold they had more than a mere suspicion or inarticulable hunch that criminal activity was occurring and the subsequent investigation into the suspicious circumstances in order to maintain the status quo and to prevent further consequences of a possible theft was justified. *Thompson v. State,* supra; *Greer v. State,* Tex.Cr.App., 544 S.W.2d 125; *Hernandez v. State,* supra. Cf. *Leighton v. State,* supra; *McDougald v. State,* supra; *Hinson v. State,* supra.

Even though appellant properly identified himself to the officers, he was unable to give a proper description of the television he possessed and he appeared nervous throughout the interview. Upon investigating appellant's explanation of his possession of the television, the officers received information from the alleged source of the property which indicated that appellant's explanation was false. Under these circumstances, we find appellant's arrest was justified under Art. 14.03, V.A.C.C.P. See *Hunnicutt v. State,* 531 S.W.2d 618; *Thompson v. State,* supra.

■ Appellant contends there was an insufficient predicate for admission of Officer Bourque's testimony concerning his knowledge of Mimms' alleged reputation of being a fence. Bourque testified that he based his knowledge of Mimms' reputation on discussion with private citizens and known burglars who had done business with Mimms. This testimony sufficiently qualified him to testify as to Mimms' reputation. See *Frison v. State,* Tex.Cr.App., 473 S.W.2d 479; *Mitchell v. State,* Tex.Cr.App., 524 S.W.2d 510; *Ellis v. State,* Tex.Cr.App., 543 S.W.2d 135.

■ The final contention is that the evidence is insufficient to support the conviction because the State failed to rebut appellant's "reasonable explanation" of his possession of the television, given to the officers at the time of his arrest.

■ The record shows that appellant tendered his explanation to the officers when they challenged his possessory interest in the television. The record must demonstrate that the explanation is either false or unreasonable before the evidence to support the conviction will be deemed sufficient. *Smith v. State,* Tex.Cr.App., 518 S.W.2d 823; *Callahan v. State,* Tex.Cr.App., 502 S.W.2d 3; *Huff v. State,* Tex.Cr.App., 492 S.W.2d 532.

Whether the appellant's explanation is reasonable is an issue to be determined by the trier of fact. *Smith v. State,* supra. And, the falsity of the explanation may be shown by circumstantial evidence. *Callahan v. State,* supra.

The trial court, as the trier of fact, was confronted with many circumstances indicating that the appellant's explanation for his possession of the stolen property was both false and unreasonable. Compare, *Huff v. State,* supra. He was discovered just after midnight with recently stolen property. He was attempting, as stated in his explanation, to sell this property to a man known in the community as a "fence."

The trial court's finding that the appellant's explanation was unreasonable or false is supported by evidence.

The judgment is affirmed.

PHILLIPS, Judge, dissenting.

I dissent to that portion of the majority opinion which holds the evidence is sufficient to support the conviction. There is no evidence of appellant's involvement in the burglary of the Mercado home. The State relies on the inference or the presumption of guilt that can be drawn from the circumstance alone of unexplained possession of recently stolen property. To warrant an inference of presumption of guilt, such possession must be personal, recent, unexplained, and must involve the distinct and conscious assertion of property rights by the accused. *Randolph v. State*, Tex.Cr. App., 505 S.W.2d 845; *Smith v. State*, Tex. Cr.App., 472 S.W.2d 121; 4 Branch's Ann. P.C., 2nd Ed., Sec. 2537, pages 866–870; 5 Branch's Ann. P.C., ·2nd Ed., Sec. 2650, pages 96–98.

"The presumption or inference against the defendant arising from the fact of possession is rebutted by reasonable explanation, if not shown to be false, and necessitates further evidence of his guilt before a conviction is authorized. Thus where the State relies on possession alone to establish defendant's guilt and no evidence is introduced to show that his explanation is false he is entitled to an acquittal." 55 Tex.Jur.2d, Theft, Sec. 227, page 496 (1964).

"Where a defendant's explanation is reasonable and is sufficient to rebut the circumstance of possession of property recently stolen, the evidence is insufficient to sustain the conviction if it fails to show that the explanation was false." *Huff v. State*, Tex.Cr.App., 492 S.W.2d 532, 533.

Appellant did not testify. His explanation was put in evidence during the State's case-in-chief when one of the arresting officers, Officer Bourque, testified on direct examination as follows:

"I asked the subject about the television that was in the back of the trunk and he stated that he and his friends had brought the television to the Three Dollar Motel and were going to sell this television to Huthspet, and he said that his mother had given him the television and he was low on money and planned on making the transaction to have some cash."

Appellant, at the first opportunity, tendered his explanation to the officers when they challenged his possessory interest in the television. See *Callahan v. State*, Tex. Cr.App., 502 S.W.2d 3; *Henderson v. State*, 163 Tex.Cr.R. 153, 289 S.W.2d 274; *Hermosillo v. State*, 120 Tex.Cr.R. 605, 49 S.W.2d 798; 5 Branch's Ann. P.C., 2nd Ed., Sec. 2651, pages 98 to 101.

"Evidence that a defendant had the personal possession of property recently stolen is not sufficient to sustain his conviction for the theft of that property if when he was first directly or circumstantially called upon to explain his possession of the property he made a reasonable explanation which is not refuted, showing his honest acquisition of the property." *Smith v. State*, Tex.Cr.App., 518 S.W.2d 823, 824.

The presumption of guilt arising from appellant's possession of the television was rebutted by appellant's reasonable explanation and the circumstances did not show the explanation to be false.

There are no contradictions or weaknesses in the appellant's explanation that would destroy it. Cf. *Smith v. State*, supra; *Davidson v. State*, 125 Tex.Cr.R. 518, 69 S.W.2d 97. Appellant's explanation did not contain a statement that he or his mother owned the television. Cf. *Windom v. State*, Tex.Cr.App., 429 S.W.2d 488; *Morgan v. State*, Tex.Cr.App., 435 S.W.2d 862. Thus, proof of ownership of the television in the complaining witness did not show appellant's explanation to be false.

Appellant promptly and accurately identified himself to the police officers upon demand, made no furtive gestures, and did not attempt to flee. Cf. *Hubbard v. State*, Tex.Cr.App., 490 S.W.2d 849; *Bryant v. State*, Tex.Cr.App., 397 S.W.2d 445; *McCutcheon v. State*, 143 S.W.2d 611. His admission that he intended to sell the television set to Mimms was immediately forthcoming, without any attempt to conceal the

fact. Upon being asked for confirmation of his explanation, appellant immediately consented to such action by freely giving the officer his mother's telephone number. At no time did appellant contradict the explanation given to the officers, cf. *Morgan v. State,* supra, nor was appellant in possession of other fruits of the burglary. See *Reed v. State,* Tex.Cr.App., 487 S.W.2d 78.

In *Huff v. State,* supra, involving a conviction for theft, the State proved the defendant was in possession of the stolen automobile and also proved his explanation, given at the time of the arrest, that he had purchased it. The evidence was held insufficient because the State neither refuted nor proved the falsity of the defendant's explanation.

In *Knott v. State,* 87 Tex.Cr.R. 117, 219 S.W. 825, the defendant was convicted of theft of an automobile which was in his possession approximately two hours after the car was left on a city street by the owner. At the time of his arrest the following day the defendant told the officers that at 9:00 or 9:30 the night the car was taken the defendant saw some boys in possession of the car and the defendant ran the boys off and took possession of the car for the purpose of claiming a reward, if any. On cross examination the officer related a previous occasion on which the defendant had found a car and delivered it to a police officer. In holding the evidence insufficient to support the conviction, the Court noted the defendant's explanation contained no contradiction or weaknesses which would destroy the explanation, and there were no facts or circumstances introduced to destroy the explanation, and the State did not meet its burden of proving the explanation was unreasonable or untrue.

It is apparent from the record that the period of time between the theft and appellant's possession of the television could have been as long as one hour and thirty minutes. There is no evidence as to the proximity between the complaining witness' home, the appellant's mother's home, and the Three Dollar Motel. There is no direct evidence of appellant's participation in the burglary and theft of the complainant's house. Thus, this case is distinguishable from *Callahan v. State,* supra, wherein the defendant and his companion were found in the rear of a burglarized store around 1:30 a.m. some eight to ten minutes after a burglar alarm had been set off. The defendant was in possession of bottles with the store's tags on them and he told the police officers that complete strangers approached him and his companion in the early morning hours and paid them $10.00 to care for four half gallons of whiskey until 8:00 p.m. the next day, when they would again meet at the same store.

*Dyba v. State,* Tex.Cr.App., 549 S.W.2d 178, is also distinguishable. The defendant therein was arrested in the car that was observed as it left the location of the theft at night with its lights off until it was stopped. The defendant was found in the back seat of the car with the cylinder taken from the scene of the theft. The circumstances showed defendant's explanation, that he found the cylinder on the side of the road, was untrue.

The majority opinion asserts the trial court was confronted with "many circumstances indicating that the appellant's explanation for his possession of the stolen property was both false and unreasonable". The operative circumstances, as stated by the majority, are: shortly after midnight appellant was found in possession of recently stolen property and appellant "was attempting, as stated in his explanation, to sell this property to a man known in the community as a 'fence'." None of these facts, singularly or taken together, refute appellant's explanation as to his honest acquisition of the television from his mother. As noted earlier, appellant did not claim ownership of the television, thus proof that the set was recently stolen did not show appellant's explanation was untrue. Although the arresting officer knew Mimms had a reputation in the community as a fence, there is no showing appellant knew of Mimms' reputation. There is no evidence to show appellant was aware the

television set was stolen or that he intended to possess stolen property. See *Crain v. State,* Tex.Cr.App., 529 S.W.2d 774; *Pool v. State,* Tex.Cr.App., 528 S.W.2d 255. Association with a known fence is not sufficient to prove appellant's guilty knowledge. See *Walker v. State,* Tex.Cr.App., 539 S.W.2d 894; *Gant v. State,* Tex.Cr.App., 513 S.W.2d 52.

Unlike *Callahan v. State,* supra, the record shows this is an obviously weak circumstantial case. In *Ysasaga v. State,* Tex.Cr.App., 444 S.W.2d 305, 309, we quoted from 24 Tex.Jur.2d, Evidence, Sec. 745, p. 427, as follows:

"Where the circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction."

In the instant case, the State did not call appellant's mother to testify, and did not offer an explanation for her absence. While Officer Bourque testified that he talked with a female who identified herself as appellant's mother, testimony concerning the identity of this woman and the truthfulness of her statements was hearsay. Although hearsay is admissible on the issue of probable cause for arrest or search, hearsay is not admissible or probative to determine the sufficiency of the evidence. See *Lumpkin v. State,* Tex.Cr.App., 524 S.W.2d 302; *Maden v. State,* Tex.Cr.App., 542 S.W.2d 189; ·*Hanna v. State,* Tex.Cr.App., 546 S.W.2d 318.

The record shows other testimony which would have shown appellant's explanation to be untrue was available and the State's failure to produce this testimony renders the evidence insufficient to support the conviction.

In *Powell v. State,* 11 Tex.App. 401, the defendant was charged with theft of property belonging to a mercantile store. One of the owners testified that the property was taken without his consent. The stolen property was recovered from the defendant's mother's house. The defendant first denied any knowledge of the property in question and then told the arresting officer he had not stolen the goods, but had been given them for services rendered by a clerk employed at the store. The conviction was reversed for failure to call the clerk, who was shown to be available at the time of the trial, to rebut the defendant's statement as to how he became possessed of the property.

The judgment should be reversed and the cause remanded.

ROBERTS, J., joins.