02-11-487-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00487-CR

 

 


 
 
 Deniqua Freeman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Deniqua Freeman appeals her conviction for the state jail felony of theft of
property under $1,500 with two prior theft convictions.[2] 
In her sole issue, Freeman contends that the evidence is insufficient to
support the jury’s verdict.  We will affirm.

II.  Background

Freeman
and Melissa Richardson were together in a Walmart in Arlington, Texas, on June 16,
2011.  According to Walmart’s loss prevention employees, because the two
exhibited furtive movements and suspicious actions, the employees began to
watch them closely through the store’s video surveillance cameras.  According
to loss prevention, Freeman had a large purse; sometimes it was on her arm, and
sometimes it was on her cart.  But loss prevention associated the purse as being
Freeman’s.  Loss prevention observed Richardson place unpurchased items into her
own purse.  And although never witnessing Freeman place anything inside her
purse, loss prevention believed that she had also done the same thing.  Loss
prevention, however, did observe Freeman switch a video game container (later
discovered empty) from her cart for a new video game from a sales associate. 
After making the switch, loss prevention observed Freeman stand in front of the
sales associate as Richardson stood behind the sales associate, taking other
games and putting them into Richardson’s waistband.  The video from the
in-store cameras was played for the jury.

          At
one point, loss prevention observed Freeman with a package of diapers.  Freeman
then left the view of the cameras.  Upon returning to their view, the diapers
were no longer visible.  Loss prevention presumed that Freeman had placed them
in her purse, “because the purse was large and the diapers were [no longer] in
the cart and she didn’t put the diapers on any of the side aisles.”  As the two
approached the front of the store, Freeman placed her purse in the bottom level
of her shopping cart.  Freeman then purchased some $5 DVDs, but she did not
purchase diapers or video games.

As
the two left the store, loss prevention attempted to detain both women.  Both
refused to cooperate and walked away from loss prevention in two different
directions.  As Freeman approached her car, Officer Jose Alvarez of the City of
Arlington Police Department pulled into the parking lot and detained her. 
After placing her in his patrol car, he also apprehended Richardson.  At that
point, Alvarez “went ahead and . . . retrieved their purses . . .
and [he] placed them on top of the trunk of [his] patrol car.”  He then
searched the purses.

Alvarez
said that Freeman’s purse contained items that appeared to have been taken
without purchase:  “They seemed to be items from the store due to
them being freshly new.  They weren’t in the plastic bags that someone would
have purchased . . . which [made him believe] that they were
taken out of the store.”  Loss prevention itemized the merchandise found in
Freeman’s purse and determined that they had been taken from Walmart without
consent.  Included in the items found in Freeman’s purse were a package of
diapers and video games.  According to Alvarez and loss prevention, Freeman
never denied that the purse containing these items was hers.

A jury
found Freeman guilty of the offense of theft of property under $1,500 with two
prior theft convictions.  The jury assessed punishment at two years in jail.  This
appeal followed.

III.  Discussion

In
her sole issue, Freeman contends that the evidence is insufficient to support
the jury’s verdict.  Specifically, Freeman contends that she “was never seen
concealing any merchandise.”  Further, Freeman contends that there is “no
evidence, or merely a ‘modicum’ of evidence” that she acquired or exercised
control over the property found in her purse.  We disagree.

A.      Standard
of Review

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State,
330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  The standard of review is the same
for direct and circumstantial evidence cases; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor.  Isassi,
330 S.W.3d at 638.

B.      Applicable
Law

The
offense of theft occurs when a person unlawfully appropriates property with the
intent to deprive the owner of the property.  See Tex. Penal Code Ann. § 31.03(a).
 The term “[a]ppropriate” includes both acquiring and otherwise exercising
control over the property.  See id. § 31.01(4)(B) (West Supp. 2012).
 Appropriation is unlawful when (1) it is without the owner’s effective
consent or (2) the property is stolen and the defendant appropriates the
property knowing it was stolen by another.  Id. § 31.03(b).  “Deprive”
means to dispose of property in a manner that makes recovery of the property by
the owner unlikely.  Id. § 31.01(2)(C).  An “[o]wner” is a person
who has title to property, possession of the property, whether lawful or not,
or a greater right to possession of the property than the defendant.  Id.
§ 1.07(a)(35)(A) (West Supp. 2012).

Intent
to deprive is determined from the words and acts of the accused.  Griffin v.
State, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981); Roberson
v. State, 821 S.W.2d 446, 448 (Tex. App.—Corpus Christi 1991, pet. ref’d). 
To this end, “evidence sufficient to show an accused exercised control over
property without consent of the owner, intending to deprive him of it, is
always enough to prove theft.”  Chavez v. State, 843 S.W.2d 586, 588
(Tex. Crim. App. 1992).  That is, if an accused is found in possession of
recently stolen property and, at the time of her arrest, fails to make a
reasonable explanation showing her honest acquisition of the property, the jury
may draw an inference of guilt.  Hardesty v. State, 656 S.W.2d 73, 76
(Tex. Crim. App. 1983).  To draw the inference of guilt from the sole
circumstance of possession of stolen property, the accused must be shown to
have been in recent possession of the property after the actual theft.  Sutherlin
v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984).  The possession must
be personal, recent, and unexplained, and it must involve a distinct and
conscious assertion of right to the property.  Todd v. State, 601 S.W.2d
718, 720 (Tex. Crim. App. 1980).

Ordinarily,
whether stolen property is recently possessed by the accused is a question of
fact.  Sutherlin, 682 S.W.2d at 549.  Although cases vary based on
factors such as ease of transferability of the property, generally the shorter
the period of time between the taking of the property and the defendant’s
possession of the property, the stronger the inference that the defendant knew
the property was stolen.  See Naranjo v. State, 217 S.W.3d 560, 571
(Tex. App.—San Antonio 2006, no pet.).

If
the accused offers an explanation of her possession of recently stolen property
at the time of her arrest, the record must show that the explanation is either
false or unreasonable before the evidence supporting the conviction will be
deemed sufficient.  Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App.
1977).  Whether the accused’s explanation is false or unreasonable is a
question of fact.  Id.  Knowledge that property was stolen can also be
shown by circumstantial evidence.  Chudleigh v. State, 540 S.W.2d 314,
317 (Tex. Crim. App. 1976).

C.      Analysis

Here,
both Alvarez and loss prevention testified that Freeman’s purse contained items
that had been recently taken from Walmart.  Two of the items—diapers and video
games—had been seen in Freeman’s possession while she was in the store.  And
even though she purchased some items, she did not purchase any of the items
found in her purse.  Freeman demonstrated a distinct and conscious assertion to
the property found in her purse when she placed it, containing the items, in
the bottom level of her cart and left Walmart without paying for them.  She
also refused loss prevention’s attempts to escort her back into the store. 
This flight demonstrated a consciousness of guilt about her having taken the
items unlawfully.  Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App.
1989), cert. denied, 494 U.S. 1039 (1990) (“Evidence of flight is
admissible as a circumstance from which an inference of guilt may be drawn.”). 
Furthermore, these items were found on her immediately upon her leaving the store. 
See Jackson v. State, 12 S.W.3d 836, 839 (Tex. App.—Waco 2000, pet. ref’d)
(“Generally, the shorter the interval between the theft and the possession, the
stronger the inference, although the cases will vary according to such factors
as the ease with which such property can be transferred.”) (citing Hardage
v. State, 552 S.W.2d 837, 840 (Tex. Crim. App. 1977)).  And Freeman never
denied that it was her purse and never offered an explanation of her possession
of the unpaid-for items.  See Adams, 552 S.W.2d at 815.

Viewing
the evidence in the light most favorable to the verdict, we conclude and hold
that a rational factfinder could have found beyond a reasonable doubt that Freeman
took the items found in her purse from Walmart without consent, with the intent
to appropriate these items to herself and with the intent to deprive Walmart of
these items.  See Tex. Penal Code Ann. § 31.03(b); Jackson,
443 U.S. at 319, 99 S. Ct. 2789.  We overrule Freeman’s sole issue on
appeal.

IV. 
Conclusion

Having overruled Freeman’s sole issue, we affirm
the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
August 30, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 31.03(a), (b), (e)(4)(D) (West Supp. 2012).