# NO. 12-19-00169-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEROMY DEVON STEWART, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jeromy Devon Stewart appeals his conviction for burglary of a building. In a single issue, he contends the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

Classic Toyota reported that its automotive and body shop was burglarized overnight on August 24 and August 28, 2018. The dealership's portable battery charger and several tools were missing. The surveillance video from August 29 at 4:00 a.m. showed a man exiting through a shop window and walking towards the adjacent La Quinta Inn carrying the portable charger. During the investigation, detectives learned that Appellant was staying at the La Quinta Inn and that he had performed detail work at Classic Toyota. A Classic Toyota employee reported to the manager of the body shop that Appellant previously tried to sell him tools. When the detective searched for the serial number to a missing code scanner, she found that it matched the number of a scanner sold by Appellant to a pawn shop. She then learned that Appellant sold fourteen items to two different pawn shops. Those items were previously reported stolen from either Classic Toyota or cars parked nearby.

Appellant was arrested and charged by indictment with burglary of a building. He pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" and sentenced him to two years confinement. This appeal followed.

<h2 style="text-align:center">SUFFICIENCY OF THE EVIDENCE</h2>

In his sole issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, he urges that he presented an innocent explanation for his possession of the stolen property.

**Standard of Review**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct

evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." ***Id.***

## Applicable Law

As pertinent here, a person commits the offense of burglary if he, without consent of the owner, enters a building and commits theft.  TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2019). In cases where there is independent evidence of a burglary, the unexplained personal possession of recently stolen property may constitute sufficient evidence to support a conviction.  *See **Chavez v. State**,* 843 S.W.2d 586, 587 (Tex. Crim. App. 1992); ***Sutherlin v. State**,* 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). Mere possession of stolen property does not give rise to a presumption of guilt, but rather it will support an inference of guilt of the offense in which the property was stolen. ***Hardesty v. State**,* 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). To warrant an inference of guilt based solely on the possession of stolen property, it must be established that the possession was personal, recent, and unexplained.  ***Grant v. State**,* 566 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1978).

Also, the possession must involve a distinct and conscious assertion of right to the property by the defendant. ***Id.*** If the defendant offers an explanation for his or her possession of the stolen property, the record must demonstrate the account is false or unreasonable.  ***Adams v. State**,* 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. ***Dixon v. State**,* 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.).

**Analysis**

On appeal, Appellant argues that the evidence is insufficient to prove that he actually stole the tools. In support of his argument, Appellant points to the testimony of his fiancé, Lapeteress Thompson. At trial, Thompson testified that the couple moved to Tyler because Appellant procured a job as a maintenance worker at an apartment complex. However, the job never materialized, and the couple moved into a hotel room at the La Quinta near Classic Toyota. Appellant obtained a job at Red Lobster and performed contract work at Classic Toyota washing cars. Thompson testified that in August 2018, a man she knew as "Ron T." approached Appellant and gave him some tools to pawn. She further testified that she never suspected "Ron T." was doing something "malicious." Appellant asserts that this "innocent explanation" for his possession and pawning of the tools is sufficient to disprove that he stole them.

At trial, Michelle Brock, a detective with the Tyler Police Department, testified that the serial number on a code reader stolen from Classic Toyota matched the one Appellant sold to a pawn shop. Detective Brock further testified that her investigation showed that Appellant pawned fourteen stolen items at two different pawn shops between August 11 and August 27, 2018. The detective was able to identify all of the items Appellant pawned and learned that they had been reported stolen in either the Classic Toyota case or other burglary cases.

Contrary to Appellant's assertion, direct evidence refuting his "innocent explanation" is not required when the State presents sufficient evidence that would support the jury's rejection of Appellant's explanation as false or unreasonable, including the jury's ability to simply reject Appellant's explanation as incredible. *Reyes v. State*, 422 S.W.3d 18, 25 (Tex. App.—Waco 2013, pet. ref'd). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). Further, an appellant's exclusive and unexplained possession of property recently stolen in a burglary in conjunction with the fact that he pawned the property very close in time to the burglary are sufficient to support a burglary conviction. *See id.; Reyes*, 422 S.W.3d at 24.

As the sole judge of the weight and credibility of the evidence, the jury was entitled to believe Detective Brock's testimony and discredit Thompson's explanation. *See Brooks*, 323 S.W.3d at 899. In doing so, the jury could reasonably determine that Appellant possessed the pawned items because he entered Classic Toyota without consent and committed theft. Therefore,

4

viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found the essential elements of burglary of a building beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 30.02(a)(3). We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 11, 2019**

**NO. 12-19-00169-CR**

**JEROMY DEVON STEWART,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1700-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*