**Ben ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–177–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1991.

Discretionary Review Refused
April 15, 1992.

Kenneth P. Mingledorff, Houston, for appellant.

John D. Holmes, Houston, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Ben Roberson, guilty of third-degree felony theft. The trial court assessed as punishment eight years' confinement in the Texas Department of Criminal Justice, Institutional Division. By one point of error, appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

Randy Sargent, the security manager for the Foley's Memorial City store, testified that in October 1990, he saw appellant in the men's Polo department. He saw appel-

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1988).

lant take a Polo shirt off of the rack, put it into a shopping bag, and take the shopping bag into the men's restroom, which was located inside the store. Sargent said that to get from the men's Polo department to the men's restroom, a person would have to pass nineteen cash registers. Sargent did not see appellant pay for the shirt. Sargent and Tim Kirkland, a loss prevention investigator, went into the restroom about a minute behind appellant. When they entered the restroom, appellant came out of the center stall, carrying the shopping bag. The toilet was flushing, and appellant was the only person in the restroom, except for Sargent and Kirkland. Sargent identified himself to appellant and told him that he was under arrest. Appellant turned and quickly went for the restroom door, but Kirkland and Sargent detained him. Sargent looked into the shopping bag and found the Polo shirt inside of a closed, pull-string bag. A purple bag was on top of the pull-string bag. Appellant was taken to the loss prevention office. While going to the office, appellant resisted and did not offer to pay for the shirt. Appellant was searched, and a nail puller was found in his underwear.

Sargent testified that electric article surveillance ("EAS") tags were attached to Foley's merchandise. He said that if someone tried to leave the store carrying merchandise with an attached EAS tag, an alarm would sound. He said that when an EAS tag is removed from a garment, the tag leaves a pinhole with a ring around it, which will disappear. Store employees use a machine to take these tags off. In October 1990, Foley's did weekly audits to make sure that its merchandise had EAS tags attached. Sargent said that he examined the Polo shirt (the one in appellant's shopping bag) and discovered that it did not have an EAS tag attached to it; however, the shirt's neck had a pinhole with a ring around it. Sargent said this meant that the EAS tag had been recently removed. He said that the shirt was valued at $62.50.

Tim Kirkland, the loss prevention investigator, testified that based on his experience, EAS tags can be flushed down the toilet (the toilet was flushing when appel-

lant left the stall). He also said that based on his experience, nail pullers, like the one found on appellant, were used to remove EAS tags. Kirkland said that appellant had no way of paying for the shirt.

■ By a single point of error, appellant challenges the sufficiency of the evidence to support his conviction. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We must take each case and review all the evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Butler,* 769 S.W.2d at 239. The charge's application portion stated in relevant part:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of October, 1990, in Harris County, Texas, the defendant, Ben Roberson, did then and there unlawfully commit an offense hereafter styled the primary offense in that he did appropriate by acquiring or otherwise exercising control over property, namely, one shirt, owned by Randy Gene Sargent, of the value of under seven hundred fifty dollars, with the intent to deprive Randy Gene Sargent of the property, and without the effective consent of Randy Gene Sargent ... then you will find the defendant guilty as charged in the indictment.

Section 31.03 of the Texas Penal Code provides that in order to prove theft, the State must show that a person unlawfully appropriated property with intent to deprive the owner of the property. To "appropriate" is defined as "to acquire or otherwise exercise control over property other than real property." TEX.PENAL CODE ANN. § 31.01(5)(B) (Vernon 1989). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.,* § 31.-03(b)(1). "Deprive" means "to withhold

property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.*, § 31.01(3)(A).

 The intent to deprive is determined from the words and acts of the accused. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981); *Wilson v. State*, 671 S.W.2d 120, 122 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). "Exercise control" means the intent to deprive the owner of his property without his effective consent. *Jackson v. State*, 571 S.W.2d 1, 2 (Tex.Crim.App.1978); *Wilson*, 671 S.W.2d at 122.

The evidence showed that appellant put a shirt into a shopping bag and took the shopping bag into the restroom. On his way to the restroom, he went past nineteen cash registers but did not pay for the shirt. When Sargent and Kirkland went into the restroom, appellant was coming out of the stall, carrying the shopping bag. Sargent identified himself to appellant, and appellant tried to flee. Sargent looked into the shopping bag and found the shirt inside of a closed, pull-string bag. Another bag was on top of the pull-string bag. The EAS tag had recently been removed from the shirt. At the time of the alleged offense, Foley's did weekly audits to ensure that EAS tags were attached to its merchandise. Kirkland testified that nail pullers, like the one found on appellant, were used to remove EAS tags. He also said that an EAS tag could be flushed down the toilet (the toilet was flushing when appellant was leaving the stall) and that appellant had no way to pay for the shirt.

This was evidence to justify the conclusion that appellant exercised control over the shirt when he removed the EAS tag and concealed the shirt inside of a closed, pull-string bag, which was placed inside of a shopping bag. Appellant did not pay for the shirt and did not have any way to pay for it. Viewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The trial court's judgment is AFFIRMED.