Williams v. SOT















NUMBER 13-01-00249-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

ERNEST WILLIAMS, JR.,                                                             Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 411th District Court of San Jacinto County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Ernest Williams, Jr., guilty of the state jail felony offense of
theft of property of $1,500 or more, but less than $20,000.


 The trial court assessed his
punishment at two years confinement in a state jail facility, suspended the sentence, and
placed him on community supervision for five years. The trial court has certified that this
case “is not a plea-bargain case, and the defendant has the right to appeal.” See Tex. R.
App. P. 25.2(a)(2). In his sole point of error, appellant contends the evidence is legally and
factually insufficient to sustain his conviction. We affirm.
A. Standard of Review
          When we review the legal sufficiency of the evidence, we view all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). 
We measure the legal sufficiency of the evidence by the elements of the offense as defined
by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). “Such a charge would be one that accurately sets out the law, is authorized
by the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried.” Id. 
          When we review the factual sufficiency of the evidence, we review all of the evidence
and set aside the verdict only if (1) the evidence is so weak as to be clearly wrong and
manifestly unjust or (2) the verdict is against the great weight of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We are not bound to view the evidence in
the light most favorable to the prosecution and may consider the testimony of all the
witnesses. Id. at 10-12. Disagreeing with the fact finder’s determination is appropriate only
when the record clearly indicates that such a step is necessary to arrest the occurrence of
a manifest injustice. Id. Otherwise, due deference must be accorded the fact finder’s
determinations, particularly those concerning the weight and credibility of the evidence. Id.
          The jury, as the trier of fact, may use common sense and apply common knowledge,
observation, and experience gained in ordinary affairs when giving effect to the inferences
that may be reasonably drawn from the evidence. Booker v. State, 929 S.W.2d 57, 60 (Tex.
App.–Beaumont 1996, pet. ref’d). As fact finder, the jury is the exclusive judge of the
credibility of witnesses and the weight to be afforded their testimony. Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury is free to accept one version of the
facts, reject another, or reject all or any of a witness’s testimony. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981); Sills v. State, 846 S.W.2d 392, 394 (Tex.
App.–Houston [14th Dist.] 1992, pet. ref’d). Simply because the defendant presents a
different version of the facts does not render the State’s evidence insufficient. Anderson
v. State, 701 S.W.2d 868, 872 (Tex. Crim. App. 1985); Sills, 846 S.W.2d at 394. 
          These standards of review apply equally to cases comprised wholly of circumstantial
evidence as they do when reviewing cases in which direct evidence exists. Kutzner v.
State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660
(Tex. App.–Corpus Christi 1989, pet. ref’d). 
B. Applicable Law
          A person commits the offense of theft if he unlawfully appropriates property with the
intent to deprive the owner of such property. Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp.
2004). To “appropriate” means to acquire or otherwise exercise control over property other
than real property. Tex. Pen. Code Ann. § 31.01(4)(B) (Vernon Supp. 2004). Appropriation
of property is unlawful if it is without the owner’s effective consent. Tex. Pen. Code Ann. §
31.03(b)(1) (Vernon Supp. 2004). “Deprive” means to dispose of property in a manner that
makes recovery of the property by the owner unlikely. Tex. Pen. Code Ann. § 31.01(2)(C)
(Vernon Supp. 2004). The intent to deprive is determined from the words and acts of the
accused. Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1991); Roberson v. State,
821 S.W.2d 446, 448 (Tex. App.–Corpus Christi 1991, pet. ref’d). 
C. Analysis
          Appellant contends the evidence is legally and factually insufficient to support his
conviction for theft. Specifically, appellant contends the evidence is legally and factually
insufficient to prove that he acted with the specific intent to commit theft. 
          The indictment alleges that on or about October 2, 1997, Earnest Williams, Jr.
unlawfully appropriated, “by acquiring and otherwise exercising control over, property, to-wit:
Timber, of the value of $1,500 or more but less than $20,000, from Billy Lambeth, the owner
thereof, with intent to deprive the owner of the property.” The following individuals testified
at trial:
1. Billy Lambeth
          Billy Lambeth testified he discovered that his timber near Counts Road in San Jacinto
County had been cut and stolen in October 1997. He also discovered that the timber on the
four-acre tract of land south of his property, owned by Mrs. Phipps, had been cut. He asked
Mrs. Phipps who had cut the timber, and Mrs. Phipps told him her grandson, Earnest
Williams, Jr., had cut the timber. Lambeth immediately contacted Earnest Williams, Jr., and
Williams admitted he had cut the timber and received $2,000 for it. Williams said he had
cut the timber for his grandmother, Mrs. Phipps, because she needed money to pay
property taxes. Williams agreed to mail Lambeth a check for $2,000. Williams also told
Lambeth he owned a one-half interest in Big State Logging. When he did not receive the
check, Lambeth telephoned Williams, and Williams told him to contact Willie Franks. 
Lambeth called Franks, and Franks said he had no knowledge of any money owed for cut
timber. Franks told Lambeth that he would speak with Williams and that Lambeth should
call Williams the next evening. When Lambeth called Williams the following evening,
Williams refused to pay him the $2,000. Williams said that Lambeth would have to get the
money from the Phipps Estate, because the estate had received the money for the timber.
2. Willie Franks
          Willie Franks testified that in approximately 1995, Williams and he combined their
logging equipment and became partners in Big State Logging. Sometime in 1995, Franks
relinquished his half of the business to his son, Steve. Steve and Williams performed jobs
together until Steve died in March of 1997. After Steve’s death, Franks did nothing for a
while, and then Williams and he began working the business together until it was dissolved
in 1998 or 1999. 
           Franks testified he believed the timber at issue was cut in 1996, during the period
that his son Steve was running his portion of the business. He said he was not present
when the timber was cut, he never went out to the land, and the company has no record of
the job. Big State Logging was incorporated in 1990, and Franks was the only shareholder
at the time. He said he had an attorney draft an agreement for his partnership with
Williams. However, Williams’ signature does not appear on the document. Franks said
he paid everyone with cashier’s checks, and he did not withhold taxes. All profits from the
business were split “fifty-fifty” with Williams.
3. Dwain Williams
          Dwain Williams, appellant’s brother, testified he worked for Big State Logging from
January 1997 to November 1998. In August 1997, as an employee of Big State Logging,
he cut timber by Counts Road, and Franks was present at the job. Dwain took directions
from Franks, as did Williams. Dwain had no knowledge of Williams’ ownership in Big State
Logging. He was paid by Franks.
4. Frank Willis
          Frank Willis, appellant’s brother-in-law, testified he worked for Big State Logging. He
worked a job by Counts Road in August 1997. Willis testified that Willie Franks was the
owner of Big State Logging, he was present at the job near Counts Road, and he took
directions from Willie Franks while on the job. 
5. Earl McKinney
          Earl McKinney testified he was previously employed by Big State Logging and cut
trees for the company near Counts Road in August 1997. He said that Willie Franks was
the owner of Big State Logging, and he was paid by Franks. He also said that Williams took
directions from Franks like the other employees, and Williams did not appear to be an
owner in the company. He was told they were cutting Williams’ property during the August
1997 job near Counts Road.
6. James Thompson
          James Thompson testified he has worked for Steely Lumber Company since June
1997. He is familiar with Big State Logging and has done business with them in the past. 
He stated that Willie Franks runs Big State Logging.
          After reviewing the evidence in the light most favorable to the jury’s verdict and
measuring it against the elements of the offense as defined by a hypothetically correct jury
charge, we conclude that a rational trier of fact could have found the essential elements of
the offense of theft beyond a reasonable doubt. See Sanders, 199 S.W.3d at 820; Malik,
953 S.W.2d at 240. Accordingly, we hold the evidence is legally sufficient to support
appellant’s conviction for the offense of theft of property of $1,500 or more, but less than
$20,000.
          Further, after reviewing all the evidence in a neutral light, we conclude the evidence
is not so weak as to be clearly wrong and manifestly unjust or that the verdict is against the
great weight of the evidence. See Johnson, 23 S.W.3d at 11. Accordingly, we hold the
evidence is factually sufficient to support appellant’s conviction for the offense of theft of
property of $1,500 or more, but less than $20,000. Appellant’s sole issue is overruled.
          We affirm the judgment of the trial court.
 
 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice
 
Do not publish. See Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and filed this the
5th day of August, 2004.