5th Court of Appeals
FILED: 8/19/2013

Lisa Matz, Clerk

# NO. 05-13-00313-CR
# NO. 05-13-00311-CR

**IN THE
COURT OF APPEALS
FIFTH DISTRICT OF TEXAS
AT DALLAS, TEXAS**

==================

## JAMES DARRELL WESTBROOK
## APPELLANT

### vs.

## THE STATE OF TEXAS,
## APPELLEE

================

ON APPEAL IN CAUSE NUMBERS
F12-59894-I AND F12-24087-I
FROM CRIMINAL DISTRICT COURT NUMBER 2

=================

## BRIEF FOR THE APPELLANT,
## JAMES DARRELL WESTBROOK

================

Deborah Ellison Farris
SBN 06843200
4136 High Summit Drive
Dallas, Texas 75244
(972) 484-2895

ATTORNEY ON APPEAL ONLY

## IDENTITY OF PARTIES AND COUNSEL

This is an appeal from criminal convictions. The only parties are Appellant, James Darrell Westbrook, BNO 13012474, Dallas County Jail, P.O. Box 660334, Dallas, Texas, 75222-0334 and the State of Texas, as represented by the Criminal District Attorney of Dallas County, Texas.

### ATTORNEYS FOR APPELLANT

At trial and revocation: Rebecca Malek, Asst. P.D. & Margaret Jones-Johnson-133 N. Riverfront Blvd., Dallas, Texas 75207; P.O. Box 225390, Dallas, Texas 75222-5390

  SBN - 24054378   SBN-00796844

On Appeal: Deborah Ellison Farris - 4136 High Summit Drive, Dallas, Texas 75244
SBN - 06843200

### ATTORNEYS FOR STATE

At trial and revocation: Felicia Kerney and Adolfo Lopez - 133 N. Riverfront Blvd., Dallas, Texas 75207

  SBN - 24012956   SBN - 24070169

On Appeal: Appellate attorney designated by Craig Watkins, District Attorney Dallas County - 133 N. Riverfront Blvd., Dallas, Texas 75207

### THE JUDGE(S)

The Honorable Farrel Chapman

The Honorable Don Adams

Criminal District Court Number 2

Dallas County, Texas

# TABLE OF CONTENTS

INDEX

IDENTITY OF PARTIES AND COUNSEL                    i

TABLE OF CONTENTS                                  ii

INDEX OF AUTHORITIES                               iii

STATEMENT OF THE CASES                             2,3

ISSUES PRESENTED                                   4

ARGUMENT                                           5

STATEMENT OF FACTS                                 6

SUMMARY OF THE ARGUMENTS                           8

PRAYER                                             13

CERTIFICATE OF SERVICE                             13

*Anders v. California*, 386 U.S. 738 (1966)     5

*Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969)     5,12

Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005     11

*Harmelin v. Michigan*, 501 U.S. 957 (1991)     12

*Harris v. State,* 656 S.W.2d 481, 486 (Tex. Crim. App. 1983)     11

*Jeffery v. State,* 903 S.W.2d 776 (Tex. App.--Dallas 1995, no pet.)     12

*Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005)     10

*Robertson v. State*, 821 S.W.2d 446,448 (Tex. App.- Corpus Christi 1991, pet. ref'd)     10

*Strickland v. Washington*, 466 U.S. 668 (1984)     11

*Swarb* v. State, 125 S.W.3d 672,684 (Tex. App.-Houston [1st Dist.] 2003 pet. dism'd)     10

*Thompson v. State*, 9 S.W.3d 808,812-813 (Tex. Crim. App. 1999)     11

*Young v. State*, 8 S.W.3d 656 (Tex. Crim. App. 2000)     9

**CODES**

TEX. CODE CRIM. PROC. ANN. art. 1.13     10

TEX. CODE CRIM. PROC. ANN. art. 1.14     10

TEX. CODE CRIM. PROC. ANN. art. 1.15     9

TEX. CODE CRIM. PROC. ANN. art. 26.13     8,9

TEX. PENAL CODE ANN. SEC. 31.03     9

TEX.  HEALTH & SAFETY CODE, 481.115     9

**CONST.**

U.S. CONST. amend.  VIII                                    11

TEX. CONST. Art. I § 13                                     11

TEX. CONST. ART. V § 12                                     10

IN THE
COURT OF APPEALS
FOR THE
FIFTH DISTRICT OF TEXAS AT
DALLAS, TEXAS

_____

**JAMES DARRELL WESTBROOK**
APPELLANT

**VS.**

**THE STATE OF TEXAS,**
APPELLEE

_____

**TO THE HONORABLE COURT OF APPEALS:**

APPELLANT, JAMES DARRELL WESTBROOK, respectfully submits this brief related to his convictions in Cause Numbers F12-59894-I and F12-24087-I. Appellant waived a jury and entered negotiated pleas of guilty to the offenses of theft, enhanced, and possession of a controlled substance, to wit: methamphetamine. Pursuant to the plea agreements, the court magistrate deferred adjudication of guilt and placed Appellant on probation for five (5) years community supervision in each case. Additionally, in Cause Number F12-59894, the court assessed a $2,000 fine and ordered $206 in restitution. (RR.II-8; CR.II-21). Pursuant to the State's Motion to Proceed with Adjudications of Guilt, Appellant pleaded true to violations

of probation. The trial court found Appellant guilty and assessed punishment at five (5) years' imprisonment in each case. The cases were heard in Criminal District Court Number 2, before the Honorable Farrell Chapman and the Honorable Don Adams, judges presiding.

## STATEMENT OF THE CASES

In Cause No. F12-24087-I, Appellant, James Darrell Westbrook, was charged by indictment filed on November 5, 2012, with the offense of theft, enhanced, alleged to have been committed on or about July 9, 2012, in Dallas County, Texas. (CR.I-11).

In Cause No. F12-59894-I, Appellant, James Darrell Westbrook, was charged by indictment filed on October 29, 2012, with the offense of possession of a controlled substance, to wit: methamphetamine, alleged to have been committed on or about September 6, 2012, in Dallas County, Texas. (CR.II-12).

Both cases were tried together. On November 12, 2012, Appellant requested that his cases be heard before a magistrate. (CR.I-12; CR.II-13). Appellant waived a jury and entered negotiated pleas of guilty. (RR.II-5,6; CR.I-15; CR.II-16). In each case, the State offered State's Exhibit No. 1, Appellant's signed judicial confession and stipulation of evidence. (RR.II-7; CR.I-16;CR.II-19). The magistrate followed the plea agreements, deferred a finding of guilt and placed Appellant on five (5)

-2-

years community supervision. (RR.II-8; CR.I-20). Additionally, the trial court assessed a $2,000 fine and ordered $ 206 restitution in cause number F12-59894. (RR.II-8;CR.II-21).

On February 26, 2013, the State filed Motions to Revoke or Proceed with Adjudications of Guilt alleging Appellant violated certain conditions of his community supervision. (CR.I-31;CR.II-31). The State's motions were heard on February 28, 2013, and Appellant pleaded true to the allegations. (RR.III-7; CR.I-43; CR.II-40). In each case, State's Exhibit No.1, Appellant's signed pleas of true and stipulations of evidence were offered and admitted into evidence without objection. (RR.III-7,8). After hearing all the evidence, the trial court adjudicated Appellant guilty, found the enhancements true, and assessed Appellant's punishment at five (5) years' imprisonment in each case. (RR.III- 24,25; CR.I-45; CR.II-42).

The Appellant excepted the verdicts and, filed in each case, Motions for New Trial and timely Notices of Appeal on February 28, 2013. (CR.I-50, 51; CR.II-50,51). The undersigned counsel was appointed to represent Appellant on appeal. (CR.I-54; CR.II-52).

====================

CR.I- refers to the clerk's record in Cause No. F12-24087-I; CR.II- refers to the clerk's record in Cause No. F12-59894-I ; RR-II. refers to the reporter's record of Appellant's pleas taken on November 12, 2012; RR.III- refers to the reporter's record of Appellant's pleas taken on February 28, 2013.

## ISSUES PRESENTED FOR REVIEW

Appellant submits that the brief contains no arguable grounds of error.

# ARGUMENT

In compliance with the requirements of *Anders v. California,* 386 U.S. 738 (1966) and *Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim. App. 1969), the undersigned appointed attorney on appeal for Appellant, **James Westbrook,** states that she has diligently reviewed the entire record in the causes and the law applicable thereto and, in her opinion, the appeals are without merit and wholly frivolous in that the record reflects no reversible error. It is also the opinion of the undersigned appointed attorney on appeal that there are no grounds of error on which an appeal can be predicated.

## STATEMENT OF FACTS

Both cases were tried together. Appellant pleaded guilty to the offenses of theft and possession of a controlled substance, to wit: methamphetamine. Pursuant to the plea agreements, the trial court deferred a finding of guilt, placed Appellant on five (5) years community supervision, and assessed a $2,000 fine and ordered $206 restitution in cause number F12-59894.

Later, the State filed motions to proceed with adjudications of guilt alleging Appellant violated certain conditions of his community supervision. Subsequent to the hearing on the State's motions, Appellant pleaded true . (CR.I-31; CR.II-31;RR.III-7).

Appellant testified that while on probation he was ordered to the Substance Abuse Facility Punishment Program (SAFPF) and he was unsuccessful because he has a problem with reading and writing. (RR.III-8). He also stated, but later denied he has a sleeping disorder and was placed on medications.(RR.III-11,13). Appellant stated he signed up for the program and that if he could have been able to read and write that he could have done the program because he participated in the program. Appellant stated that he does not have a drug problem, even though he acknowledged that he was convicted of approximately 8 drug offenses in 2007. (RR.III-17,18). Appellant denied he told the probation officer that he had a

-6-

GED. (RR.III-17). Appellant denied that he stole the car he is now on probation. (RR.III-18).Appellant admitted his problem is that he is always around the wrong people and that he cannot read or write. (RR.III-15) .

Josephine Hadnot, a probation officer with Dallas County, stated that Appellant advised her that in 2007, while in prison, he got his GED. She stated that Appellant never advised her that he needed special education classes. (RR.III-20).

After hearing all the evidence, the court granted the State's motions, found Appellant guilty, the enhancements true, and assessed Appellant's punishment at five (5) years' imprisonment, in each case. (RR.III-24,25; CR.I-45;CR.II-42). Appellant filed Motions for New Trial and Notices of Appeal on February 28, 2013. (CR.I-50,51; CR.II-50,51).

## SUMMARY OF THE ARGUMENTS

After diligent search, the undersigned attorney, appointed as counsel for Appellant on appeal, has determined that the appeals are frivolous and without merit.

The record in the causes clearly reflects that pursuant to the plea agreements, the court deferred a finding of guilt and placed Appellant on five (5) years' community supervision. Additionally, the trial court assessed a $2,000 fine and ordered $ 206 restitution in cause number F12-59894. (RR.II-8; CR.II-21).Prior to accepting Appellant's negotiated pleas of guilty, the trial court inquired as to the voluntariness of the plea and Appellant's understanding of the consequences of his plea. (RR.II-5,6,7). Appellant stated in the positive and that he understood its consequences. (RR.II-6,7). The Appellant testified that he can read and understands the English language. (RR.II-5). The trial court made a specific finding that Appellant was competent to enter his pleas. (RR.II-8). Additionally, after a complete review of the record, the undersigned attorney is satisfied that Appellant was competent to enter his pleas of guilty, and that the pleas were both free and voluntary. **TEX. CODE CRIM. PROC. ANN. art. 26.13 (b)**. The record contains written admonishments in accordance with the terms of **TEX. CODE CRIM. PROC. ANN. art. 26.13**. (CR.I-13). The admonishments contain a deportation

-8-

clause. The admonishments were signed by Appellant. (CR.I-19; CR.II-20).

Additionally, Appellant was admonished in open court by the trial court judge; those

admonishments are in substantial compliance with **Article 26.13**. (RR.II-4-8).

The State introduced evidence sufficient to substantiate Appellant's pleas of

guilty. **TEX. CODE CRIM. PROC. ANN. art. 1.15**. Appellant judicially

confessed to the crimes with which he was charged; this was introduced, in each

case as State's Exhibit 1. (RR.II-7; CR.I-18;CR.II-19).  Appellant testified and

admitted that he was pleading guilty voluntarily. (RR.II-7). Pursuant to the plea

agreements, the trial court deferred adjudication of guilt and placed Appellant on

community supervision for five (5) years. In cause no. F12-59894-I, the court

assessed a $2,000 fine and $206 in restitution. (RR.II-8). Subsequently, the state

filed motions to adjudicate guilt. At the hearing to adjudicate guilt, Appellant

pleaded true to certain violations. The trial court adjudicated Appellant guilty and

assessed his punishment at (5) years confinement in each case.

After diligent review of the record, the undersigned attorney perceives no

error jurisdictional or non jurisdictional defects. Compare *Young v. State*, 8 S.W.3d

656 (Tex. Crim. App. 2000). The indictments for theft and possession of a

controlled substance, to wit: methamphetamine, contain all elements of the offenses

as prescribed by **TEX. PENAL CODE, SECTION 31.03 and TEX.  HEALTH &**

-9-

**SAFETY CODE, 481.115.** The indictments conferred jurisdiction upon the trial court. **TEX. CONST. Art. V § 12.** , *Robertson v. State*, 821 S.W.2d 446,448 (Tex. App.- Corpus Christi 1991, pet. ref'd); *Swarb* v. State, 125 S.W.3d 672,684 (Tex. App.-Houston [1st Dist.] 2003 pet. dism'd); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). No complaint, either in the form of objections or motions were made to the indictments of theft and possession of a controlled substance, to wit: methamphetamine **TEX. CODE CRIM. PROC. ANN. art. 1.14 (b).**

The undersigned attorney has searched the record for any pre-trial motions which might support a point of error. No pre-trial motions, if any, were brought to the court's attention which might support a ground of error. Hence, there is nothing for review.

The request for referral to a magistrate was signed by all the parties and the presiding judge Don Adams. (CR.I-12,13). Appellant properly waived his right to a jury trial in accordance with the terms of **TEX. CODE CRIM. PROC. ANN. art. 1.13**. (RR.II-5,6; CR.I-15;CR.II-16). The waivers made in open court and the court's admonitions to the defendant were signed by all parties, and received the consent and approval of the trial court, as required by **Art. 1.13**. (CR.I-15; R.II-16).

The undersigned attorney has reviewed the records to determine if any

objections were made on Appellant's behalf which would support a Point of Error on appeal. No objections were made on Appellant's behalf. Nor does the record reflect any opportunity where a proper objection could have been interposed on Appellant's behalf. The record reflects that Motions for New Trial were not filed at the time of the deferred adjudication sentence. The Motions for New Trial filed after the revocations were overruled by the trial court. There is no basis on which to predicate a point of error. The undersigned attorney has reviewed the performance of trial counsels. Based on the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005 (quoting *Thompson v. State*, 9 S.W.3d 808, 812-813 (Tex. Crim. App. 1999), the record reflects that Appellant received reasonably effective assistance of trial counsel at both the guilty plea and motion to revoke hearings.

The trial court inquired as to whether Appellant was aware of the proper range of punishments and Appellant responded in the positive. (RR.II-6). The signed admonishments also contain the proper range of punishments established by the Legislature, and as such, do not violate the constitutional prohibitions against cruel and unusual punishment or either **U.S. CONST. amend. VIII or TEX. CONST. Art. I § 13**. (RR.III-24,25). *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App.1983*); Thompson v. State,* 9 S.W.3d 808, 812-813 (Tex. Crim. App.

1999).  Nor does the undersigned attorney discern anything in the record to suggest that the punishments assessed are grossly disproportionate to the crimes.  See *Harmelin v. Michigan*, 501 U.S. 957 (1991).  Additionally, no objection was made to the punishment assessed. Both of  the **court's** written judgments appear accurate. (CR.I-45; CR.II-42 ).

The undersigned appointed attorney on appeal has served a copy of this brief on Appellant.  At this time, the undersigned attorney informed Appellant, by letter, that, in her professional opinion, the appeal is without merit. The undersigned attorney also explained that Appellant also has the right to review the record and file a pro se brief  if he so desires.  The undersigned attorney has explained to Appellant that the trial court may make the records available to him.  *Gainous v. State*, 436 S.W.2d at 138.  Appellant has also been informed by the undersigned attorney that he may request an extension of time from this Honorable Court for the filing of a pro se brief if he so desires. The undersigned attorney has also attached a Motion to Withdraw as mandated by the Court's opinion in *Jeffery v. State*, 903 S.W.2d 776 (Tex. App.--Dallas 1995, no pet). In the undersigned attorney's professional opinion, Appellant received a fair trial free from reversible error. After full review of the record, the undersigned attorney is of the opinion that the appeals are without merit and wholly frivolous in that the record reflects no reversible error.

-12-

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, the Appellant prays, that if reversible error appears in the record of the trial of these cases, that this Honorable Court enter judgments of acquittal or, in the alternative, to reverse the convictions and remand the cases to the trial court for further proceedings.

Respectfully submitted,

_____

Deborah Ellison Farris
SBN 06843200
4136 High Summit Drive
Dallas, Texas 75244
(972) 484-2895

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing brief will be E-briefed to the Fifth Court of Appeals, 600 Commerce Street, Dallas, Texas 75202 and by hand delivery to the same, and to the Appellee, Craig Watkins, District Attorney for Dallas County, Texas, Appellate Section, Crowley Courts Bldg., 133 N. Riverfront Blvd., LB-19, Dallas, Texas, 75207, by hand delivery to the District Attorney's "basket" located in the Dallas Court of Appeals, and to Appellant, James Darrell Westbrook, BNO 13012474, Dallas County Jail, P.O. Box 660334, Dallas, Texas, 75222-0334 by U.S. Mail or about this _____ day of August 2013.

_____
DEBORAH ELLISON FARRIS

# NO. 05-13-00313-CR
# NO. 05-13-00311-CR

IN THE
COURT OF APPEALS
FOR THE
FIFTH DISTRICT OF TEXAS AT
DALLAS, TEXAS

_____

**JAMES DARRELL WESTBROOK**
APPELLANT

**VS.**

**THE STATE OF TEXAS,**

==================

## MOTION TO WITHDRAW
## AS APPOINTED COUNSEL ON APPEAL

================

**COMES NOW Deborah Ellison Farris,** appointed counsel on appeal, respectfully submits this Motion to Withdraw as Appointed Counsel on Appeal in the above entitled and numbered causes. In support of this Motion, appointed counsel would show this Honorable Court the following:

## I.

On February 28, 2013, the undersigned attorney was appointed by the Honorable Don Adams, presiding judge of Criminal District Court Number 2 of Dallas County, Texas to represent Appellant in the appeal of his convictions in these causes; notice of appeal given on February 28, 2013. Pursuant to the appointment, the undersigned attorney prepared and filed Designations of the Clerk's Record and

-1-

requests for the Court Reporter's Records for appeal on Appellant's behalf.

**II.**

After a full review of the records in the causes, the undersigned attorney is of the opinion that there are no grounds of error upon which an appeal can be predicated.

**III.**

The undersigned attorney informed Appellant, by letter, that, in her professional opinion, the appeals are without merit. The undersigned attorney has explained to Appellant that he has the right to file a *pro se* brief if he so desires and that the trial court may make the records available to him if he desires to file a *pro se* brief. Counsel has mailed copies of the brief and the clerk and reporter's records to Appellant. Appellant has been informed by the undersigned attorney that he may request an extension of time from this Honorable Court for the filing of a *pro se* brief, if he so desires.

**WHEREFORE, PREMISES CONSIDERED,** the undersigned attorney prays that this Court grant the Motion to Withdraw as Appointed Counsel on Appeal in the above entitled and numbered causes.

Respectfully submitted,


Deborah Ellison Farris
SBN 06843200
4136 High Summit Drive
Dallas, Texas 75244
(972) 484-2895
Attorney on Appeal


-2-

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing will be E-briefed and by U.S. mail, delivered to the Fifth Court of Appeals, 600 Commerce Street, 2nd floor, Dallas, Texas 75202 and the Appellee, Craig Watkins, the Criminal District Attorney of Dallas County, Texas, 133 N. Riverfront Blvd., Dallas, Texas 75207 in their "basket" in the Court of Appeals, Fifth Judicial District at Dallas; and to Appellant, James Darrell Westbrook, BNO 13012474, Dallas County Jail, P.O. Box 660334, Dallas, Texas, 75222-0334 by U.S. Mail or about this _____ day of August 2013.

_____
Deborah Ellison Farris