**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/25/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00498-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/25/2015 2:23:14 PM
DORIAN RAMIREZ
CLERK

## No. 13-14-498-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

3/25/2015 2:23:14 PM

DORIAN E. RAMIREZ
Clerk

# GILDA HERNANDEZ,
# APPELLANT,

## v.

# THE STATE OF TEXAS,
# APPELLEE.

ON APPEAL FROM COUNTY COURT AT LAW # 2
NUECES COUNTY, TEXAS

## BRIEF FOR THE STATE

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

Attorney for Appellee

## ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ....................................................................... ii

SUMMARY OF THE ARGUMENT ........................................................1

ARGUMENT ...........................................................................................1

**Reply Point**
**The evidence was legally sufficient to support the theft conviction.**..........1

    **I. Statement of Fact.** ..................................................................1
    **II. Standard of Review.** .............................................................3
    **III. Application to the Present Theft Conviction.**.............................4

PRAYER...................................................................................................7

RULE 9.4 (i) CERTIFICATION ..............................................................8

CERTIFICATE OF SERVICE .................................................................8

# INDEX OF AUTHORITIES

## Cases

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). ............................3

*Dyer v. MacDougall,* 201 F.2d 265 (2nd Cir. 1952). ......................................6

*Fuentes v. State,* 991 S.W.2d 267 (Tex. Crim. App. 1999)............................4

*Gear v. State,* 340 S.W.3d 743 (Tex. Crim. App. 2011). ...............................6

*United States v. Heath,* 970 F.2d 1397 (5th Cir. 1992). .................................6

*Hill v. State*, 633 S.W.2d 520 (Tex. Crim. App. 1981). ........................... 4, 5

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979). ........................ 3, 4

*Jones v. State*, 900 S.W.2d 392 (Tex. App.—San Antonio 1995,
pet. ref'd)..........................................................................................................5

*Obigbo v. State*, 6 S.W.3d 299 (Tex. App.—Dallas 1999, no pet.). ..............5

*Padilla v. State*, 326 S.W.3d 195 (Tex. Crim. App. 2010)..................... 3, 4, 6

*Roberson v. State,* 821 S.W.2d 446 (Tex. App.—Corpus Christi 1991, pet.
ref'd). ...............................................................................................................5

*Saenz v. State*, 976 S.W.2d 314 (Tex. App.—Corpus Christi 1998,
no pet.). ............................................................................................................6

*Sharp v. State*, 707 S.W.2d 611 (Tex. Crim. App. 1986)...............................4

*Turro v. State,* 867 S.W.2d 43 (Tex. Crim. App. 1993). ................................4

*Wawrykow v. State*, 866 S.W.2d 87 (Tex. App.--Beaumont 1993, pet ref'd). 6

## Statutes & Rules

Tex. Penal Code § 7.02.....................................................................................3

Tex. Penal Code § 31.01.................................................................4

Tex. Penal Code § 31.03.................................................................4

NO. 13-14-498-CR

| | | |
|---|---|---|
| GILDA HERNANDEZ, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

### SUMMARY OF THE ARGUMENT

Hernandez's active participation in placing items of merchandise in Esparza's bag while shopping in Hobby Lobby sufficiently showed an exercise of control and an intent to deprive the owner of the items in question to support her theft conviction.

### ARGUMENT

**Reply Point**
**The evidence was legally sufficient to support the theft conviction.**

### I. Statement of Fact.

Gilda Hernandez was charged by information with theft of property valued at more than $50 from Hobby Lobby. (CR p. 5)

Police Officer Javier Cantu testified that Jasmine Esparza had been detained in the office at the Hobby Lobby store and was found to have

property in her purse worth over $200 belonging to Hobby Lobby.  (RR vol. 2, p. 76)

Hobby Lobby store manager Andy Moreno testified that Hernandez and Esparza were both selecting merchandise randomly and placing it in Esparza's bag (RR vol. 2, p. 83), and that Hernandez was side-by-side with Esparza and was herself placing items in Esparza's bag.  (RR vol. 2, p. 92) Specifically, Hernandez was taking down merchandize, including jewelry and children's clothing, which was later recovered from Esparza's bag.  (RR vol. 2, pp. 84-85)  Esparza then left the store without paying for the merchandise, but was caught and escorted back into the store.  (RR vol. 2, p. 86)

Gilda Hernandez testified that she went to Hobby Lobby with Esparza, who was a friend of her daughter.  (RR vol. 2, p. 103)  Hernandez specifically denied that she intended to take anything from Hobby Lobby.  (RR vol. 2, pp. 106, 111)  Hernandez claimed that, at some point, she found out that Esparza was "taking things," but she denied helping Esparza take any items or picking out any items for Esparza to place in her bag. (RR vol. 2, pp. 106, 109)  Hernandez also denied that she was walking around with Esparza in Hobby Lobby.  (RR vol. 2, p. 120)

The Jury Charge submitted the theory of party liability to the jury, instructing them that Hernandez was criminally responsible "if, acting with intent to promote or assist the commission of the offense, she solicit[ed], encourage[d], direct[ed], aid[ed], or attempt[ed] to aid [another] person to commit the offense." (CR pp. 9, 11) *See* Tex. Penal Code § 7.02 (a) (2).

Hernandez was found guilty by a jury and was sentenced by the trial court to 25 days in jail. (CR p. 18)

## II. Standard of Review.

In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781 (1979). In *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), the Court of Criminal Appeals abandoned factual sufficiency review and determined that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient. This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Padilla v.*

3

*State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (quoting *Jackson*, 443 U.S. at 319).

The trier of fact is the sole judge of the credibility of the witnesses and the strength of the evidence, *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim. App. 1999), and, as such, may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, the reviewing court should presume the trier of fact resolved conflicts in favor of the prevailing party. *Padilla*, 326 S.W.3d at 200; *Turro v. State,* 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

### III. Application to the Present Theft Conviction.

A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code § 31.03 (a). To "appropriate" is defined as "to acquire or otherwise exercise control over property other than real property." Tex. Penal Code § 31.01(4)(B).

In the shoplifting context, the Court of Criminal Appeals has stated that "it is not essential that the property be taken off the premises; it is instead only essential that the evidence show an 'exercise of control over the property,' coupled with an 'intent to deprive the owner of the property.'" *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981). In *Hill*, the

4

Court found sufficient evidence of both exercise of control and intent to deprive in the defendant's act of placing an item of merchandise under his shirt. *Id.*; *see also Roberson v. State*, 821 S.W.2d 446, 448 (Tex. App.—Corpus Christi 1991, pet. ref'd) (evidence sufficient to show appropriation where defendant removed tags from shirt and concealed it in a bag).

In the present case, Moreno's testimony clearly shows that Hernandez was assisting Esparza to obtain merchandize and place it inside her bag, which sufficiently shows both an exercise of control and an intent to deprive. Although Hernandez and Esparza might have had the right to carry the merchandise in question or place it in a shopping cart or basket before taking it to the checkout, the act of placing it inside a bag, like placing merchandise under a shirt in *Hill*, goes beyond what is reasonably expected and sufficiently shows both an exercise of control and an intent to deprive Hoddy Lobby of the merchandise in question.

As with any other question of circumstantial evidence and inference, the fact finder may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving affect to the inferences that may reasonably be drawn from the evidence. *Obigbo v. State*, 6 S.W.3d 299, 306 (Tex. App.—Dallas 1999, no pet.); *Jones v. State*, 900 S.W.2d 392, 399 (Tex. App.—San Antonio 1995,

pet. ref'd); *Wawrykow v. State*, 866 S.W.2d 87, 88-89 (Tex. App.--Beaumont 1993, pet ref'd) (citing *United States v. Heath,* 970 F.2d 1397, 1402 (5th Cir. 1992)); *see also Saenz v. State*, 976 S.W.2d 314, 322 (Tex. App.—Corpus Christi 1998, no pet.) ("Jurors are expected to draw upon their own experiences and common knowledge and apply them to the facts at hand.").

The reasonable inference here is that Hernandez and Esparza were shoplifting. Esparza's act of leaving the store without paying for the merchandise in question only confirms the reliability of this inference.

In addition, the fact finder may consider a defendant's implausible and inconsistent statements as affirmative evidence of guilt. *See Gear v. State,* 340 S.W.3d 743, 747 (Tex. Crim. App. 2011); *Padilla v. State,* 326 S.W.3d 195, 201 (Tex. Crim. App. 2010). As the court of criminal appeals has noted, "the carriage, behavior, bearing, manner and appearance of a witness—in short, his 'demeanor'—is a part of the evidence." *Padilla,* 326 S.W.3d at 201 (quoting *Dyer v. MacDougall,* 201 F.2d 265, 268–69 (2nd Cir. 1952)).

In the present case, assuming that the jury believed Moreno's testimony that Hernandez was with Esparza in the store and actively helping

her to put merchandise in her bag, Hernandez's untruthful denials provide additional affirmative evidence of her guilt.

The evidence was legally sufficient to support the theft conviction and Hernandez's issue on appeal should be overruled.

**PRAYER**

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*

_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

7

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1,262.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was e-mailed on March 25, 2015, to Appellant's attorney, Mr. Eric Flores.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman